```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

RICHARD BROTCHNER,            )
                              )
    Plaintiff,                )
                              )
v.                            )         No. 04-2419 Ma/P
                              )
FEDERAL EXPRESS CORPORATION,  )
                              )
    Defendant.                )
_____

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213. Before the court is Defendant Federal Express Corporation's ("FedEx") motion for summary judgment filed September 31, 2005. Plaintiff Richard Brotchner ("Brotchner") responded on December 29, 2005. For the following reasons the court DENIES the motion for summary judgment.

**I. Background**

Plaintiff Brotchner was employed by Defendant FedEx for twenty-five years. When he was hired, Brotchner disclosed that he had disabilities because of an automobile accident with a drunk driver. (Compl. ¶ 5.) Despite his disabilities, Brotchner passed FedEx's pre-employment physical examination and began employment with FedEx on December 1, 1977. (Compl. ¶ 6.) On August 2, 1979, Brotchner sustained a workplace injury. As a result, he was left with a permanent disabling injury to his left leg. (Compl. ¶ 7.)

In 1997, Manager Henry Bartosch hired Brotchner into his workgroup and continued to be his immediate manager until Brotchner's retirement. (SOMF ¶ 6.)

On July 30, 1999, Brotchner suffered a stroke at work. Because of that stroke, he was left with substantial and permanent speech limitations. (Compl. ¶ 8.) On July 20, 2000, Brotchner suffered a mini-stroke at work. (Compl. ¶ 9.) In September or October 2000, Brotchner alleges that Bartosch humiliated him at a group meeting by orchestrating a No-Doz prize (Brotchner Depo. pg 175, ll 16 through pg 11, line 12; pg 181, lines 9 to 16; and pg 189, lines 16 to 23). FedEx contends that Brotchner has no factual basis to support this claim and that Bartosch told Brotchner's co-workers not to go forward with the No-Doz prize because it was inappropriate. (Bartosch Dep. pg 143, line 9 to pg 144, line 12, Exhibit 51)

On November 1, 2001, Brotchner was advised that the work project he was leading was being eliminated by FedEx. (Id. ¶ 10.) Later in November, 2001, Brotchner suffered a severe vomiting spell. Brotchner took medical leave on November 13, 2001. (Id. ¶ 11.) In December, 2001, FedEx advised Brotchner that he would not be permitted to return to work because of an allegation that he had threatened to harm himself, a safety issue. Brotchner claims Bartosch falsely accused him of being a danger to himself. (Id. ¶ 12.) FedEx refused to permit Brotchner to return to work unless he

demonstrated to FedEx's satisfaction that his return would be safe. (Id. ¶ 13.) Brotchner was permitted to return to work on May 15, 2002, but was not returned to the payroll for another week. (Id. ¶ 14.) Upon his return, Brotchner was advised that he was a "displaced" employee because his work project had been eliminated and that he had ninety days to locate a position or be terminated. (Id. ¶ 15.) Brotchner submitted approximately 12 to 16 applications for various positions within FedEx, but he was unable to find another position. (Id. ¶ 16-17.) Brotchner claims that Bartosch interfered with his ability to search for a replacement position by interrupting his ability to access the FedEx computer system and by communicating false information to various hiring mangers. (Brotchner Depo. page 98, lines 8 to 20; and page 302, lines 5-20.) Bartosch denies communicating with any hiring managers about Brotchner's alleged self-harm declarations. Bartosch claims to have fixed the problem that Brotchner was having with his computer assisted job search. Brotchner was forced to accept retirement in lieu of termination because he was unable to find another job. (Id. ¶ 18.)

## II. Jurisdiction

Brotchner brings claims under the ADA, 42 U.S.C. § 12101-12213. Thus, the court exercises federal question jurisdiction under 28 U.S.C. § 1331. Venue is proper in this district under 28 U.S.C. § 1391(a).

**III. Legal Standard**

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v.

Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

Brotchner alleges that he is the victim of unlawful discrimination in that he was (1) subjected to disparate treatment, (2) retaliated against and (3) harassed in violation of the ADA.

**A. Whether Brotchner's Claims Are Barred**

The ADA requires exhaustion of administrative remedies and compliance with the Title VII administrative process before a federal court may entertain a suit seeking recovery for a violation of the ADA. Parry v. Mohaawk Motors of Michiga, Inc., 236 F.3d 299, 309 (6th Cir. 2000). To meet the requirements of an employment discrimination action, an employee must: (1) file a timely charge of discrimination with the EEOC; and (2) receive and act upon the EEOC's notice of right to sue. Puckett v. Tennessee Eastman Co., 889F.2d 1481, 1486 (6th Cir. 1989).

Title VII requires that a charge of employment discrimination shall be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred or within 300 days if the aggrieved person has initially instituted a proceeding with an

authorized state agency. 42 U.S.C. § 2000(e)-(5)(e).

Brotchner filed his Charge with the EEOC on November 26, 2002 (SOMF ¶ 36). Therefore, FedEx argues that most of the events about which Brotchner complains are time-barred. (Memo. in Supp. of Mtn. for Summ. J at 14.) Brotchner concedes that his disability harassment claim is time-barred. (Resp. to Mtn. for Summ. J. At 17.) Brotchner's remaining claims, for disability-based discrimination and for retaliation, are not time-barred because the adverse employment action did not occur until September 1, 2002, when Brotchner was allegedly forced to retire. Therefore, FedEx's motion for summary judgment on the disability harassment claim is GRANTED.

**B.  Whether Brotchner Has Established a _Prima_ _Facie_ Case of Disability Discrimination**

To state a prima facie case of disability discrimination, Brotchner must show that: (1) he is disabled; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) he suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 453 (6th Cir. 2004); Swanson v. University of Cincinnati, 268 F.3d 307, 314 (6th Cir. 2001); Monette v. Electronic Data Sys. Corp. 90 F.3d 1173,

6

1185 (6th Cir. 1996). If a plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its action. Monette, 90 F.3d at 1179. If defendant meets that burden, plaintiff must show that the proffered explanation is a pretext for unlawful discrimination. (Id.)

The ADA defines a disability as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. §12102(2). The ADA does not define the terms physical or mental impairment, substantially limits, or major life activities. The EEOC has promulgated regulations which define the terms as follows:

> Physical or mental impairment: (1) any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine; or (2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h)(1).

> Substantially limits: (i)Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

> <u>Major Life Activity</u> means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.

29 C.F.R. § 1630.(2)(i).

In determining whether a person is substantially limited in a major life activity the following factors should be considered: "(i) The nature and severity of the impairment, (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).

FedEx argues that Brotchner has failed to prove that he had a substantially limiting impairment of a major life activity and that FedEx regarded him as having such an impairment. (Memo. In Supp. of Mtn. for Summ. J. at 14.) Brotchner argues that he has identified substantial limitations on his ability to engage in general ambulatory activities, such as walking, standing, kneeling, and crouching. Further, Brotchner contends that FedEx noted his disabilities in his evaluations: "Answers and supplies information that is valuable. Too often supplies too great a degree of detail in the past, but has worked intently to overcome this and other symptoms of his disjunctive speech disability (head injury in 1976 accident)." (FedEx Ex. 9; Resp. to Mtn. for Summ J. at 9.) Thus, Brotchner argues that there is sufficient evidence that he suffered a substantial limitation in forming sentences and speaking and that

FedEx was aware of such disabilities.  (Resp. to Mtn. for Summ. J. at 9.)

Brotchner's deposition testimony details his impairments in major life activities including: speaking, general ambulatory activity, lifting, holding, grasping, writing, hearing, seeing, and cognition. (Brotchner Depo. at pgs 8, 16, 139, 171-72.) Brotchner's deposition testimony and medical records create genuine issues of material fact about whether Brotchner is substantially limited in these major life activities.

There is also a genuine issue of material fact about whether FedEx regarded Brotchner as having a substantially limiting impairment of a major life activity.  FedEx classified Mr. Brotchner as "restored handicapped" and accommodated his leg disability by hiring consultants and modifying his workspace. FedEx also mentioned Brotchner's impairments and limitations in his evaluations.  (Bartosch Depo. at 184-186; Brotchner Depo. at 121-33, 135).  In his deposition, Brotchner states that his "illness" was a topic of conversation in his interviews for other positions. (Brotchner Depo. at 280-81.)  Thus, a reasonable jury could conclude that FedEx treated Brotchner as substantially limited. There are genuine issues of material fact about the extent of Brotchner's impairments and FedEx's knowledge of his impairments. Brotchner has established a <u>prima facie</u> case.

**C. Whether FedEx Has Articulated a Legitimate, Non-Discriminatory Reason**

If a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. Monette, 90 F.3d at 1179. FedEx argues that Brotchner had worked on a specific project that was discontinued and, pursuant to FedEx's pre-existing policy, he was given 90 days to find a new job within the company. (SOMF ¶¶ 16, 18-19.) In short, FedEx argues that Brotchner was treated as any other employee. FedEx has provided a legitimate non-discriminatory reason.

**D. Whether Plaintiff Has Shown Pretext**

Plaintiff must show that defendant's proffered explanation is a pretext for unlawful discrimination. There are three alternative possibilities: (1) defendant's proffered reasons have no basis in fact, (2) the defendant's proffered reasons did not actually motivate the defendant's actions, or (3) the defendant treated the plaintiff differently from similarly situated employees who were not members of the protected class. Manzer v. Diamond Shamrock, 29 F.3d 1078, 1084 (6th Cir. 1994).

Courts have recognized that, in discrimination and retaliation cases, an employer's true motivations are particularly difficult to ascertain, see United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)

10

(acknowledging that discrimination cases present difficult issues for the trier of fact, as "[t]here will seldom be eyewitness testimony as to the employer's mental processes"). Often such factual determinations are unsuitable for disposition at the summary judgment stage, Lowe v. City of Monrovia, 775 F.2d 998, 1009 (9th Cir.1985) (stating that very little additional evidence is required to raise a genuine issue of fact regarding motive, and concluding that summary judgment on the merits is ordinarily inappropriate once a prima facie case has been established).

Brotchner argues that his efforts to locate another position were thwarted by Bartosch and that the entire assertion of self-harm was a pretext and falsehood. (Brotchner Depo. at 222-227; 294-297.) There are genuine issues of material fact about FedEx's role in Brotchner's inability to find employment within the Company, and FedEx has not offered facts about why Brotchner was not hired for the positions to which he applied. Therefore, FedEx's motion for summary judgment on the disability discrimination claim is DENIED.

**E.   Whether Brotchner Has Established a Prima Facie Case of Retaliation**

To establish a prima facie case of retaliation, Brotchner must establish that (1) he engaged in protected activity, (2) this exercise of protected rights was known to defendant; (3) he suffered an adverse employment action; and (4) there was a causal connection between the adverse action and the protected activity.  Hafford v.

11

Seidner, 183 F.3d 506, 515 (6th Cir. 1999).  To establish the causal connection required by the fourth prong, a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action. EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir.1997); Jackson v. RKO Bottlers, 743 F.2d 370, 377 (6th Cir.1984). Although no one factor is dispositive in establishing a causal connection, evidence that the defendant treated the plaintiff differently from similarly situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation. See Moon v. Transport Drivers, Inc., 836 F.2d 226, 230 (6th Cir.1987).

   Brotchner argues that he told his supervisor that he was involved in the jump-seat litigation brought by handicapped FedEx employees and that his manager (Bartosch) was upset.  (Brotchner Depo. at pgs 120-31.)  Brotchner's conversation with Bartosch occurred in 2000 or 2001.  (SOMF ¶ 64.)  Brotchner argues that shortly after the conversation he received his lowest evaluation, had his project eliminated, and was falsely accused of being a danger to himself.(Resp. to Mtn. for Summ. J. at 17.) FedEx argues that Brotchner retired in September 2002 and, therefore, that Brotchner has failed to establish a causal connection.

   Although Brotchner retired in September 2002, Brotchner has argued that incidents occurring in 2000 and 2001 ultimately lead to

12

his retirement.  Because Brotchner has identified adverse employment actions occurring soon after the conversation with Bartosch, namely the accusation of self-harm and poor evaluation, there is a genuine issue of material fact about whether Brotchner's evidence establishes a causal connection.  A reasonable jury could conclude that Brotchner's evidence is sufficient to establish such a connection.  Therefore, FedEx's motion for summary judgment on the retaliation claim is DENIED.

**V. Conclusion**

     For the foregoing reasons, FedEx's motion for summary judgment is GRANTED on the harassment claim, and DENIED on the remaining claims.



                    So ORDERED this 19th day of April 2006.


                                   _____

                                   s/ SAMUEL H. MAYS, JR
                                   UNITED STATES DISTRICT JUDGE